UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DONALD RAY SWIGER, JR.

               Plaintiff,            3:15-cv-1996-TC

               v.                 FINDINGS AND
                                    RECOMMENDATION

THE UNITED STATES OF
AMERICA, et al.,

               Defendants.

COFFIN, Magistrate Judge.

    Plaintiff's Application tp proceed *in forma pauperis* (#1) is allowed.   However, for the reasons set forth below, plaintiff's complaint should be dismissed without service of process on the grounds of lack of jurisdiction and failure to state a claim.

    Plaintiff alleges that he is currently incarcerated at the Lompoc Federal Correctional Institution and that prior to being transferred to Lompoc he was incarcerated at the Fort

1 - FINDINGS AND RECOMMENDATION

Leavenworth Military Prison in Leavenworth, Kansas.

Plaintiff's claims have to do with the conditions of his confinement at Lompoc F.C.I. - which is located in the Central District of California, and seeks injunctive relief against "federal Employees of Lompoc F.C.I."[1]

A state may exercise personal jurisdiction over a nonresident defendant if there exists "minimum contacts " between the defendant and the forum state. World-Wide Volkswagen Corp. V. Woodson, 444 U.S. 286 (1988).. A defendant's contacts with the forum state must be such that maintenance of the suit there does not "offend traditional notions of fair play and substantial justice" and the relationship between the defendant and the forum must be such that it is "reasonable *** to require the (defendant) to defend a particular lawsuit which is brought there. World-Wide Volkswagen, supra, at 292. A defendant is subject to suit where it "purposefully avail itself of the privilege of conducting activities within the forum state." Id. at 297. See also, Burger King Corp. V. Rudzewicz, 471 U.S. 462 (1985).

Jurisdiction under Oregon's long-arm statute is appropriate if within the bounds of federal due process. Due process permits the exercise of general jurisdiction over a

[1]Although the only named defendants are the United States of America, "The Secretary of the Army," and "Colonel Erica Nelson, Commandant, USDB," Leavenworth, Kansas.

defendant who has "substantial" or "continuous and systematic" contacts with the forum state. <u>Fields v. Sedgwick Associated Risks, Ltd.</u>, 796 F.2d 299, 301 (9th Cir. 1986), citing <u>Helicoptoros Nacionales de Colombia v. Hall</u>, 466 U.S. 408, 414 (1984); <u>Gray & Co. V. Firstenberg Machinery Co., Inc.</u>, 913 F.2d 758, 760 (9th Cir. 1990); <u>Cross v. Kloster Cruise Lines, Ltd.</u>, 879 F. Supp 1304, 1310 (D. Or 1995).

Plaintiff has not alleged that any of the "federal employees of Lompoc" against whom he seeks injunctive relief have had any substantial or continuous and systematic contacts with the state of Oregon, and no such contacts are apparent from the record before the court.

In short, this court has no jurisdiction over plaintiff's claims and no personal jurisdiction over the defendants. Plaintiff's complaint should be dismissed without prejudice to bring an action in the appropriate jurisdiction.

The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this

recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal form an order adopting this Findings and Recommendation or judgment dismissing this case would be frivolous and not taken in good faith.*

DATED this 16ᵗʰ day of November, 2015.

_____
Thomas M. Coffin
United States Magistrate Judge

4 – FINDINGS AND RECOMMENDATION