IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD RAY SWIGER, JR.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
and COL. ERICA NELSON,

    Defendants.

Civ. No. 3:15-cv-01996-TC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff, who is incarcerated and proceeding *pro se*, brings this action seeking damages for alleged violation of the Eighth Amendment under 42 U.S.C. § 1983. Magistrate Judge Thomas Coffin issued a Findings and Recommendation on November 16, 2015, in which he recommended that this Court dismiss Plaintiff's case without prejudice based on lack of jurisdiction. ECF No. 4. The matter is now before this Court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    Plaintiff filed objections to the Findings and Recommendation on November 30, 2015. ECF No. 7. Accordingly, I have reviewed the file of this case *de novo. See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I find no error and conclude Judge Coffin's legal findings are correct.

    Upon review of Judge Coffin's dismissal, I adopt the legal findings therein related to jurisdiction in full and find that this Court does not have jurisdiction over the federal employees of Lompoc, against whom Plaintiff seeks injunctive relief. Rather than dismiss, however, this

1 – OPINION AND ORDER

Court opts instead to order this case transferred to the jurisdiction where venue is proper. Under 28 U.S.C. §1406, when a plaintiff lays venue in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although this court lacks personal jurisdiction, it may transfer to a district with personal jurisdiction where venue is proper. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962); *NxSystems, Inc. v. Monterey Cnty. Bank*, No., 2012 WL 4093932, at *9 (D. Or. Sep. 17, 2012); *Ali v. Carnegie Inst. of Washington*, 967 F. Supp. 2d 1367, 1391 (D. Or. 2013). "[N]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Baeta v. Sonchik*, 273 F.3d 1261, 1264–65 (9th Cir. 2001), quoting *Goldlawr*, 369 U.S. at 467.

The proper venue for plaintiff's federal suit against the employees of Lompoc Federal Correctional Institute is the Central District of California.

## CONCLUSION

This Court ADOPTS Judge Coffin's Finding and Recommendation, ECF No. 4, but opts to ORDER this case TRANSFERRED to the United States District Court for the Central District of California. The clerk of court shall initiate such transfer accordingly.

IT IS SO ORDEREED.

DATED this 11 day of January, 2016.

_____
**Michael J. McShane**
**United States District Judge**

2 – OPINION AND ORDER