# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY SWIGER, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Case No. CV 16-320 DMG (MRW) <br> **ORDER DISMISSING ACTION** |

The Court dismisses the action without prejudice for failure to prosecute.

\* \* \*

This is a prisoner civil rights action. Plaintiff is an inmate at the federal prison facility in Lompoc. He previously was incarcerated at a U.S. military prison in Leavenworth, Kansas. According to the complaint, Plaintiff suffers from a variety of health conditions. He filed a civil complaint against the United States for undefined relief based on his medical treatment at those facilities. (Docket # 8-12, 17.)

| | |
|---|---|
| 1 | Magistrate Judge Wilner screened Plaintiff's original and amended |
| 2 | complaint. (Docket # 13.) Judge Wilner subsequently granted Plaintiff IFP status |
| 3 | and ordered the complaint to be served on the government. (Docket # 18, 19.) |

The Court granted the government's motion to dismiss the action. (Docket # 29, 31.) The Court concluded that the government did not waive sovereign immunity over Plaintiff's constitutional claims, which meant that the Court did not have jurisdiction over the matter. Nevertheless, the Court gave Plaintiff (a pro se litigant) an opportunity to amend his complaint to name an appropriate defendant.

After the Court dismissed the government, Plaintiff submitted a letter to the Clerk. (Docket # 32.) The confusing and rambling submission described a previous tort claim that Plaintiff pursued against the BOP, and attempted to relitigate the dismissal motion.

Judge Wilner issued an order rejecting the submission. (Docket # 33.) The magistrate judge again directed Plaintiff to file a recognizable civil complaint naming a proper party and stating a proper federal cause of action by April 7. (Id.) To date, however, Plaintiff failed to do so. As things stand, there is no valid complaint on file and no defendant named in this action.

\* \* \*

Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition

of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

In the present action, the Court finds dismissal is appropriate. Plaintiff failed to amend his civil complaint after his claims against the government were dismissed. The magistrate directly informed Plaintiff of his obligation to file an amended complaint in order to advance the case. Plaintiff's failure to do so demonstrates that he has no interest in advancing the action here.

By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff has not named any appropriate party or filed any recognizable pleading that would feasibly allow the litigation to continue. The Court finds that dismissal is appropriate under Rule 41(b). Furthermore, because Plaintiff is a pro se litigant who did not abide by the Court's previous orders, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440.

A dismissal under Rule 41 ordinarily "operates as an adjudication on the merits." However, given the circumstances here – Plaintiff never named a party over which this Court had jurisdiction – the Court elects to dismiss the action without prejudice.

IT IS SO ORDERED.

DATED: May 16, 2017

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

3